**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| GREGORY JOSEPH PODLUCKY, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action No. 1:23-cv-02047 (UNA) |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Currently before the court is plaintiffs' *pro se* complaint, ECF No. 1, and their application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. For the reasons explained herein, the court will grant plaintiffs' IFP application and dismiss the complaint without prejudice.

Plaintiffs Gregory and Karla Sue Podlucky, who reside in Colorado, sue the United States for damages under the Federal Tort Claims Act ("FTCA"). The lengthy complaint is disorganized and quite difficult to follow. It jumps from topic to topic, and intersperses, without explanation, segments of other complaints and various documents that plaintiffs appear to have previously exchanged with various courts, entities, and agencies. To that end, plaintiffs refer to their complaint as "a detailed dossier documenting the unlawful acts perpetrated against [them] by the United States to the White House." The pleading fails to comply, *inter alia*, with Federal Civil Rule 10(a) and D.C. Local Civil Rule 5.1 (d), (e), and (g).

At root, plaintiffs appear to challenge a lien entered against plaintiffs' real property in Westmoreland County, Pennsylvania, resulting from criminal proceedings taken against Mr. Podlucky in the United States District Court for the Western District of Pennsylvania. Due to the alleged illegal lien, plaintiffs contend that they have suffered myriad "grievous loss[] . . . and

irreparable injuries and disabilities." Plaintiffs face yet additional hurdles that they cannot overcome.

*First*, *pro se* litigants must comply with the Rules of Civil Procedure. Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

When, as here, a complaint "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8. *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted). The instant complaint falls within this category.

*Second*, plaintiffs have raised their claims in the wrong venue. FTCA claims against the United States or its agencies "may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). In this court, "[u]nder the prevailing interpretation of section 1402(b), venue is proper in the District of Columbia if sufficient activities giving rise to plaintiff's cause of action took place here." *Franz*

*v. United States*, 591 F. Supp. 374, 378 (D.D.C. 1984).  These FTCA venue requirements have been interpreted in accordance with those of section 1391(b), "and the relevant terms of the two statutes are similar." *Id.*  "Where section 1402(b) refers to the district '[where] the act or omission occurred,' section 1391(b) refers to 'the judicial district . . . in which the claim arose.'" *Id.*  Further, the location of the federal government or the agency's headquarters office does not necessitate venue in this district.  *See Bartel v. Federal Aviation Admin.*, 617 F. Supp. 190, 199 (D.D.C. 1985).  Here, plaintiffs live in Colorado, and most, if not all, of the alleged acts and omissions giving rise to plaintiffs' claims occurred in Pennsylvania.  Indeed, plaintiffs cite largely to Pennsylvania law within the complaint.  Put simply, this case bears no connection to this district.

*Finally*, plaintiffs, in essence, ask this court to intervene and grant relief that would alter and undermine determinations rendered by the Western District of Pennsylvania, but this court lacks subject matter jurisdiction to review the decisions of other federal courts.  *See In re Marin*, 956 F.2d 339 (D.C. Cir. 1992); *Panko v. Rodak*, 606 F. 2d 168, 171 n.6 (7th Cir. 1979) (finding it "axiomatic" that a federal court may order judges or officers of another federal court "to take an action."); *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (stating that federal district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts") (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)).

For all of these reasons, this case will be dismissed without prejudice.  A separate order accompanies this memorandum opinion.

_____
TREVOR N. McFADDEN
United States District Judge

Date: 7/26/2023